## McGREW v. McGREW.

(Court of Appeals of District of Columbia. Submitted March 7, 1922. Decided April 3, 1922.)

### No. 3664.

1. **Evidence ⬾432—Want or failure of consideration can be shown between original parties.**

   In a suit on a promissory note between original parties, defendant may show by parol that the note was without consideration, or that the consideration had failed because of a condition or contingency arising which it was agreed at the time of the making of the contract would operate to release the obligor.

2. **Evidence ⬾461(1)—Maker of note for purchase of interest in property cannot show he was not personally liable thereon.**

   Where the maker of a note admitted it was given for the purchase of the payee's interest in property jointly owned by the parties, and which was covered by a mortgage, he cannot show by parol that it was the intention of the parties that he should not be personally liable on the note, but that it should be payable only out of the property, especially where he also admitted that the purpose of the transaction was to enable the payee to negotiate the note in order to secure an income therefrom.

Appeal from Supreme Court of the District of Columbia.

Action by Olive S. McGrew against John L. McGrew. Judgment for plaintiff, and defendant appeals. Affirmed.

J. H. Ralston and S. D. Willis, both of Washington, D. C., for appellant.

Henry E. Davis, of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. This appeal is from a judgment rendered, in the Supreme Court of the District of Columbia, upon the insufficiency of an affidavit of defense under the Seventy-Third rule.

It appears that defendant owned certain real estate in the District of Columbia, and conveyed one-half interest therein to plaintiff, who was at the time the defendant's wife. Thereafter, in October, 1912, plaintiff and defendant exchanged this property for lands in Virginia, which were subject to an incumbrance of $2,400. The Virginia lands were conveyed to plaintiff and defendant jointly as tenants in common. Thereafter an arrangement was entered into between the parties by which it was agreed that the value of the lands, over and above incumbrances was $17,000, and defendant agreed with plaintiff that, if she would execute to him a deed for her one-half interest in the lands, he would in turn execute a deed of trust upon the lands for $8,500, to secure 10 notes for $50 each and one note for $8,000, and six interest notes of $240 each. The ten $50 notes and two of the interest notes were paid, when foreclosure proceedings were instituted upon the prior deed of trust for $2,400. From the proceeds of this sale there was left a balance of $1,090.25, which defendant paid plaintiff, to apply upon the $8,000 note. It was for the balance due on these notes that the present suit was instituted.

Defendant, in his affidavit of defense, after conceding the above facts relative to the agreed value of the land, the conveyance to him by plaintiff, and the execution of the deed of trust and the notes, avers:

"That at the time of said transaction said plaintiff well knew that this defendant did not thereby intend to purchase the interest of said plaintiff in and to said farm, but merely intended to continue the half interest of said plaintiff in said property in the form of said deed of trust and the notes represented thereby, rather than in the form of joint ownership as theretofore existing, so as to permit said plaintiff to negotiate said notes and secure income therefrom; that said plaintiff well knew and understood that said transaction was a mere substitution of her interests in said farm, and this defendant was not to be personally liable on said notes, and that payment thereof would be secured out of said property, and not from this defendant personally; that said plaintiff was, from the time of the execution of said notes, familiar with all the facts, circumstances, and reasons why the same were executed, and, at the time of the alleged indorsement of said notes to said plaintiff, said plaintiff continued in possession of said knowledge, and this defendant denies that at the time of said alleged indorsement said plaintiff was or became a bona fide holder thereof without notice; that this defendant paid said notes represented by said trust as the same became due until the sale of said property by this defendant subject to said incumbrance held by said plaintiff."

[1] It may be admitted that, in a suit on a promissory note between the original parties, defendant may show by parol evidence that the note was without consideration, or that the consideration failed because of a condition or contingency arising which it was agreed at the time of making the contract would operate to release the obligor. The cases cited in the appellant's brief are all in support of these elementary principles, but that is not this case.

[2] Plaintiff's title to one-half interest in the Washington property, and later in the Virginia lands, was valid, and cannot be questioned. It will not do, in the light of defendant's affidavit, to even infer that plaintiff took the notes with the understanding that, in the event the land should for some reason fail to return an amount equal to the valuation placed upon it by the parties themselves, the notes would become void or abate.

Defendant's affidavit falls far short of setting up a defense of failure of consideration. It affirmatively states that the land was "owned jointly by said plaintiff and defendant as tenants in common," and in order that plaintiff might have a more certain income than could be derived from her interest in the property, she conveyed her interest to defendant at an agreed price, gave a deed therefor, and received from him in return the notes sued upon, secured by a deed of trust. It is averred that this was done, "so as to permit said plaintiff to negotiate said notes and secure income therefrom."

Pursuant to the agreement, defendant paid some of the notes representing both principal and interest, and only ceased payment when the property was sold under a prior deed of trust. It may be suggested that, in view of the admission that the transaction between plaintiff and defendant was entered into for the purpose of enabling defendant to negotiate the notes in order to secure an income therefrom, it is difficult to understand how this agreement could have been made without defendant's recognition of his personal liability on the notes.

The affidavit of defense, we think, sets up a sale of the property by plaintiff to defendant, which was evidenced and ratified by the execution of a deed therefor, in consideration of which defendant executed the notes in question and gave the deed of trust to secure their payment. On the other hand, there is no averment in the affidavit upon which the defense of a conditional delivery of the notes can be based. To permit defendant to show that the express terms of the written contracts, the notes sued upon, do not import an absolute obligation to pay, under the averments of the affidavit, would be in direct violation of the parol evidence rule.

The judgment is affirmed, with costs.